

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
**AUSTIN**

GROVER SELLERS
ATTORNEY GENERAL

Hon. A. C. Winborn
Criminal District Attorney
Harris County
Houston 2, Texas

Dear Sir:

Opinion No. O-7365

Re: Sale in Texas of prison made
products manufactured by out
of state prisoners.

We have received your letter of recent date requesting
an opinion from this department on the above subject matter. We
quote from your letter as follows:

"Will you kindly give us an opinion from your
department relative to the sale in Texas of prison
made products manufactured by out of state prisoners.

"We can find no controlling statute other than
the statute permitting the sale of such products or
goods shipped in intrastate commerce when the articles
are plainly marked "Prison Made."

"Please send us copies of your opinions Nos. O-7160
and O-7160V. concerning the sale of prison made products."

Article 1137l-l, V.A.P.C. (Acts 1941, 47th Legislature,
page 107, ch. 86) provides as follows:

"Section 1. 'It shall be unlawful for any person,
firm, partnership, association, or corporation to sell
or offer for sale within the State of Texas any goods,
wares or merchandise manufactured wholly or in part by
convicts or prisoners in penal or reformatory institu-
tions, except convicts or prisoners on parole or pro-
bation, and provided further that nothing in this Section
shall be construed to forbid or prohibit the sale of such
goods produced or manufactured in the prison institutions
of this State to the State, or to any political subdivision
thereof, or to any public institution owned or managed and
controlled by the State or any subdivision thereof.

"Section 2. Any person, firm, partnership, association, or corporation which shall violate any of the provisions of this Act shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Two Hundred Dollars ($200) for the first offense, and not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500) for each subsequent offense."

We held in our Opinion No. O-7160 that:

"The Prison system cannot sell in Texas its prison manufactured goods, wares or merchandise to any person, firm or corporation except that such prison manufactured goods may be sold to the State or subdivisions thereof or to any public institution owned or managed and controlled by the State or any subdivision thereof."

It will be noted that Article 1137i-1 prohibits the sale of "any goods, wares or merchandise manufactured by convicts or prisoners in penal or reformatory institutions." There are no provisions in said Article exempting from the operation of the Act goods manufactured by out of State convicts or prisoners in penal or reformatory institutions.

Act of Congress, June 19, 1929, 49 U.S.C., § 60 provides in part as follows:

". . . All goods, wares, and merchandise manufactured, produced, or mined, wholly or in part, by convicts or prisoners, except convicts or prisoners on parole or probation, or in any penal and/or reformatory institutions, except commodities manufactured in Federal penal and correctional institutions for use by the Federal Government transported into any State or Territory of the United States and remaining therein for use, consumption, sale, or storage, shall upon arrival and delivery in such State or Territory be subject to the operation and effect of the laws of such State or Territory to the same extent and in the same manner as though such goods, wares, and merchandise had been manufactured, produced, or mined in such State or Territory, and shall not be exempt therefrom by reason of being introduced in the original package or otherwise."

In the case of Whitfield v. Ohio, 297 U. S., 431, the United States Supreme Court had before it the question of the constitutionality of the above quoted statute and an Ohio statute which prohibited the sale on the open market in the State of Ohio goods, wares or

merchandise manufactured or mined wholly or in part in any other State by convicts or prisoners except convicts or prisoners on parole or probation. It was contended that the Ohio statute was in conflict with the interstate commerce clause of the Constitution. It was also contended that the Ohio statute was in conflict with the 14th amendment in that it discriminated against those engaged in the sale of cotton shirts and in favor of inhabitants of Ohio engaged in a like calling. It was further contended that the Act of Congress was not a valid exercise of the power of Congress to regulate interstate commerce. All of the foregoing contentions were overruled by the Supreme Court and the Court held that the States had the power to prohibit sales on the open market of convict-made goods shipped in from other states. See also Kentucky Whip & Collar Co. v. Illinois Central Railroad Company, 299 U.S. 334.

In view of the foregoing, it is our opinion that prison-made goods, wares or merchandise manufactured by convicts or prisoners in penal or reformatory institutions outside of this State cannot be legally sold within the State of Texas.

We are enclosing herewith copies of our Opinions Nos. O-7160 and O-7160A as requested.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By **J. C. Davis, Jr.**
J. C. Davis, Jr.
Assistant

By **John Reeves**
John Reeves

JR:djm

Enclosures


APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN